

FILED

MAR - 7 2022

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |
|---|
| JANE DOE, |
| Plaintiff, |
| v. |
| DEPARTMENT OF JUSTICE, *et al.*, |
| Defendants. |

Case: 1:22−mc−00032
Assigned To : Unassigned
Assign. Date : 3/7/2022
Description: Misc.

Civil Action No.

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff moves to proceed pseudonymously and to keep this case entirely sealed, Pl.'s Sealed Mot. for Leave to File Case Under Seal and Proceed Under a Pseudonym ("Pl.'s Mot."), as she litigates her instant claim under the Freedom of Information Act, 5 U.S.C. §552, *et seq.*, seeking information from the Federal Bureau of Investigation ("FBI") about the agency's investigation of an incident of domestic violence that occurred several years ago involving plaintiff and her minor children as victims and witnesses. Pl.'s Mot. at 1. For the reasons set forth below, plaintiff's motion is granted with respect to her request to proceed under pseudonym, and denied as to her request to seal the case, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I.     BACKGROUND

Several years ago, while plaintiff, her then-husband, and their children, who were all minors at the time, were traveling via private aircraft, the husband allegedly physically and verbally assaulted plaintiff and the children, who have "experienced lasting physical and

---

[1]     *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

mental trauma as a result of the assault." Pl.'s Mot. at 1–2. The FBI "opened an investigation into the assault" but later, without advance notice to plaintiff or her children, "publicly announced it was closing its investigation of the incident without further action." *Id.* at 2. Since then, plaintiff has filed several "FOIA request[s] on behalf of herself and her minor children for the FBI's investigative file" in hopes of "better understand[ing] the FBI's investigation and obtain[ing] information necessary for her children to receive medical care and trauma counseling." *Id.* Alleging that the responses she has received to her request are legally insufficient, plaintiff has filed the instant suit challenging defendants' withholding of additional records. *Id.* Plaintiff seeks "to maintain the case under seal, and to proceed under a pseudonym . . . in order to protect the privacy interests of herself and her minor children who were witnesses to and victims of" this incident. *Id.* at 1.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92,

96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access.  *See, e.g.,* Fed. R. Civ. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); Fed. R. Civ. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'"  *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96).  When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d

233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."

*In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.*  Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326.  In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

In addressing motions to file under seal records filed in a case, "[t]he starting point . . . is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  Courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether the strong presumption in favor of public access is overcome to remove the filing from public access. [2]

---

[2]     Those factors are:

When, however, a plaintiff initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym, triggering the *James* test.  In both contexts, plaintiffs are seeking to conceal their identities from the public and thus the same interests are at stake.

## III.    DISCUSSION

At this early stage in the litigation, this Court is persuaded that plaintiff has met the burden of showing that the privacy interests of her minor children outweigh the public's presumptive and substantial interest in knowing her identity and that of her children.  The public's interest in plaintiff's and her minor children's identities is *de minimis* compared to their significant privacy and security interests.  Permitting plaintiff to proceed pseudonymously is sufficient to protect these privacy interests, with only parts, as necessary, of court filings sealed rather than the entire case.  Thus, the grounds for plaintiff's further request to seal the case as an additional precaution are insufficient to rebut the "strong presumption in favor of public access to judicial proceedings."  *Hardaway*, 843 F.3d at 980.

First, as the description of plaintiff's FOIA claim makes clear, plaintiff does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  Plaintiff argues that pseudonymity is appropriate "to protect her children from having the details of their assault and the subsequent information they provided during a law enforcement investigation made public."  Pl.'s Mot. at 5.  Masking

---

(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

plaintiff's name will help ensure that her children will remain anonymous, and their "privacy interests are intractably intertwined." *J.W. v. Dist. of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016). As plaintiff notes, in the past this Court has recognized the need "to prevent the public airing of the abuse suffered by [plaintiffs'] minor charges . . . undeniably qualifies as a 'sensitive and highly personal' matter." *K.H. v. Dist. of Columbia*, No. 19-cv-3124 (BAH), 2019 WL 11322514, at *2 (D.D.C. Oct. 18, 2019) (quoting *In re Sealed Case*, 931 F.3d at 97).

Second, plaintiff has sufficiently alleged that disclosure of her identity "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Specifically, plaintiff explains that "the potential exposure of private details about the assault and its impact on the children's physical and mental health risks great harm to the children," who have already suffered from the assault itself. Pl.'s Mot. at 6. The risk to the minor children is greater still due to plaintiff's public status. *Id.* As such, "innocent non-parties" would be affected by disclosure of plaintiffs' identities and could face similar harm, as well. *In re Sealed Case*, 931 F.3d at 97.

The third *James* factor also weighs in favor of granting plaintiff's motion, as serving the interests of plaintiff's minor children is cited as a key component of plaintiff's suit and the instant request. *See In re Sealed Case*, 931 F.3d at 97.

The fourth *James* factor weighs slightly against granting plaintiff's motion. Although "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as plaintiff has done here, nothing about these proceedings creates any need for transparency with respect to plaintiff's identity. *Cf id.*

6

(describing public interest as particularly great where regulated entity sued government agency regarding "special exemptions" from statutory obligations).  Here, plaintiff seeks to vindicate only her own rights, and those of her children, under FOIA, and anonymity appears to be necessary to provide her the opportunity to do so.

Finally, the defendants would suffer no "risk of unfairness" if plaintiff's motion is granted.  *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  Allowing plaintiff to proceed under pseudonym will have no impact on any private rights, as the only defendants are United States government agencies, *see* Compl. at 1, and "defendants will be made fully aware of [plaintiff]'s identity, so there will be no risk of unfairness," Pl.'s Mot. at 7.  Nor will allowing the plaintiff to proceed anonymously compromise the defendants' ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, plaintiff's significant and "legitimate interest in anonymity" for her and her minor children, given the alleged abusive conduct at issue, is more than sufficient at this early stage in the litigation to overcome "countervailing interests in full disclosure."  *In re Sealed Case*, 931 F.3d at 97; *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

Plaintiff argues that the "dual relief" of sealing the case in addition to proceeding under pseudonym is necessary to ensure plaintiff's privacy rights and those of her minor children are fully protected.  Pl.'s Mot. at 7.  Specifically, plaintiff asserts that pseudonymity, alone, is insufficient "given that the complaint will necessarily reveal details from which the

identities of [her] and the children will be readily apparent." *Id.* The Court is unpersuaded that this concern justifies plaintiff's extraordinary request to "maintain the case under seal," Pl.'s Mot. at 1, given the "strong presumption in favor of public access to judicial proceedings," *Hardaway*, 843 F.3d at 980, which is "a bedrock principle of our judicial system," *In re Sealed Case*, 971 F.3d at 325. The extent of sealing requested here to litigate plaintiff's claim entirely under seal shielded from any public access is simply not warranted. Plaintiff's sole claim alleges that defendants failed to comply with FOIA and, as such, the details of what plaintiff says occurred and then led her to file a FOIA request are essentially superfluous in resolving whether defendants failed to fulfill their statutory obligations to search for and disclose non-exempt records. To the extent specific filings merit sealing under the *Hubbard* factors, plaintiff may seek permission to file those specific records under seal, which decision shall be at the discretion of the District Court judge randomly assigned to this case.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Sealed Motion for Leave to File Case Under Seal and Proceed Under a Pseudonym is **GRANTED IN PART** and **DENIED IN PART**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiff's request to proceed under pseudonym is **GRANTED** and the plaintiff may proceed with the case using the pseudonym "Jane Doe;" it is further

**ORDERED** that the plaintiff's motion to file the case under seal is **DENIED**, except that the plaintiff may file a declaration containing her residence address under seal in exception to D.D.C. LCvR 5.1(c);  it is further

**ORDERED** that the Clerk of the Court shall not file the Complaint on the docket nor randomly assign the case to a United States District Judge until after the plaintiff is provided the opportunity to revise her Complaint to remove any personal information that is not essential to pursuing her claim for relief under FOIA; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of plaintiff or her children by nonparties.

**SO ORDERED.**

Date: March 7, 2022

BERYL A. HOWELL
Chief Judge